

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2009

# Anthony Solomon v. Phila Newspapers Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2839

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Anthony Solomon v. Phila Newspapers Inc" (2009). *2009 Decisions.* Paper 1964.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1964

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-73                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2839
_____

ANTHONY SOLOMON,

Appellant

v.

PHILADELPHIA NEWSPAPERS, INC.; WAREHOUSE EMPLOYEES UNION,
LOCAL NO. 169

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 05-5326)
District Judge:  Honorable James T. Giles

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 15, 2009

Before: BARRY, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 30, 2009)
_____

OPINION
_____

PER CURIAM

Anthony Solomon appeals from an order of the United States District Court for the

1

Eastern District of Pennsylvania granting summary judgment to defendant Philadelphia Newspapers, LLC ("PNL"). For the reasons that follow, we will summarily affirm.

The District Court recited the facts in detail, and we will discuss only those facts relevant to the disposition of this appeal. Solomon is an African-American man who began working as a paperhandler at PNL in 1980. Solomon was transferred to the Schuykill printing plant in 1990. Within a year, PNL promoted Solomon to control room operator. In 1993, PNL awarded Solomon an "added responsibility" as the shift's work leader.

On December 18, 2001, Solomon and Paul Gagliardi, an employee on Solomon's shift, engaged in a verbal altercation. The company representatives reviewing the incident concluded that Solomon had escalated the encounter with Gagliardi, and therefore, he was not blameless. As a result, Solomon's supervisor temporarily removed Solomon's "added responsibility" function and the pay associated with it. A white employee was selected to replace Solomon. Solomon filed a complaint with the Pennsylvania Human Rights Commission, alleging race discrimination with respect to the removal of his added responsibility function, and the transfer of that function to a white employee.[1]

On July 5, 2002, Solomon worked an overtime shift, but he did not receive

---

[1] On February 12, 2003, Solomon learned that the PHRC had found no discrimination in the incident with Gagliardi.

compensation for this shift in his next paycheck. Instead, Solomon received the overtime pay a week later, after he reported the problem to a supervisor. Solomon suspected that another employee had improperly accessed his payroll records and deleted his shift using a supervisor's password. On July 18, 2002, Solomon filed a retaliation complaint with the PHRC against PNL. PNL's human resources department determined that the pay discrepancy had been resolved, and that no evidence existed to support Solomon's belief that another employee had tampered with the payroll system, as the supervisor's password had not been used during the relevant period. Solomon voluntarily withdrew his complaint.

On September 9, 2002, PNL's in-house counsel received an anonymous phone call stating that Solomon had brought a gun to the PNL facility. When confronted, Solomon vehemently denied the allegation. Solomon was suspended with pay for nine days pending the outcome of the internal investigation. Given the dearth of reliable evidence, PNL managers decided to permit Solomon to return to work.

On August 13, 2003, Solomon tape-recorded a conversation between himself and a colleague, without that colleague's consent. When PNL management learned of the allegations of Solomon's misconduct, which amounted to a felony under Pennsylvania law, they suspended Solomon without pay with intent to terminate pending an investigation. PNL's Human Resources personnel investigated and subsequently sent Solomon a letter notifying him that his actions subjected him to immediate termination.

3

The letter offered Solomon an opportunity to present facts that could affect PNL's decision. At the grievance meeting, Solomon admitted to making the tape-recording, and defendants terminated him. Solomon's union submitted a request for arbitration of Solomon's termination. The arbitrator upheld Solomon's termination because Solomon's tape recording of a conversation with a colleague without that colleague's consent was "disruptive" to the workplace environment.

On October 11, 2005, Solomon filed suit against PNL, alleging that PNL violated 42 U.S.C. § 1981 and the Pennsylvania Human Relations Act (PHRA), 43 Pa. Cons. Stat. § 951, et seq.[2] After discovery, PNL filed a motion for summary judgment on all counts. The District Court granted the motion in its entirety. Solomon appealed and filed a motion to proceed in forma pauperis. The Clerk granted Solomon's motion, and PNL subsequently filed an opposition, which the Clerk construed as a motion for reconsideration of its order granting in forma pauperis status. We have reviewed the parties' briefs on the question of IFP status and Solomon's financial affidavits, and we determine that IFP status was properly granted. Accordingly, we deny PNL's motion for reconsideration. Notwithstanding, we will summarily affirm because the appeal presents no substantial question.

The District Court analyzed together Solomon's retaliation claims under the PHRA

---

[2]Solomon's other claims against PNL and the union were eventually voluntarily dismissed and are not before us.

and § 1981, which were predicated on his termination, his suspension with pay, and the late overtime payment.  See CBOCS West, Inc. v. Humphries, 128 S. Ct. 1951, 1961 (2008) (Section 1981 encompasses retaliation claims).[3]   To show a prima facie case of retaliation, Solomon was required to show: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the protected activity and the adverse action.  Marra v. Phila. Hous. Auth., 497 F.3d 286, 300 (3d Cir. 2007).   If the employee establishes a prima facie case, the burden of production shifts to the employer to articulate a legitimate, non-retaliatory reason for the adverse action.  Id.  If the employer meets this burden, the burden of production shifts back to the employee to show, by a preponderance, that "'the employer's proffered explanation was false, and that retaliation was the real reason for the adverse employment action.'"  Id. at 300-01 (quoting Moore v. City of Phila., 461 F.3d 331, 342 (3d Cir. 2006)).  The employee must prove that "retaliatory animus played a role in the employer's decisionmaking process and that it had a determinative effect on the outcome of the process."  Shellenberger v. Summit Bancorp, Inc., 318 F.3d 183, 187 (3d Cir. 2003) (quotation omitted).

The District Court determined that Solomon had failed to demonstrate a prima

_____

[3]The District Court determined that various aspects of Solomon's PHRA claims were procedurally barred.  We express no opinion on that issue because we interpret claims under the PHRA and federal anti-discrimination laws identically under these circumstances, and we determine that summary judgment was proper as to all claims.  Slagle v. County of Clarion, 435 F.3d 262, 265 n. 5 (3d Cir. 2006).

facie case of retaliation. Even assuming that Solomon had demonstrated a prima facie case, we would still affirm the District Court's resolution of this claim because PNL articulated legitimate, non-retaliatory reasons for each of these actions, and Solomon failed to establish that these reasons were pretextual. Specifically, PNL offered evidence that Solomon's overtime pay was paid late due to an oversight, not another employee's illicit use of a supervisor's password; Solomon was suspended with pay during an investigation regarding his alleged act of bringing a gun to the workplace because the conduct alleged violated PNL's prohibition on guns in the workplace or on PNL property; finally, Solomon was terminated because he recorded a conversation with a colleague without his colleague's consent, which is a felony under Pennsylvania law and was considered "disruptive" to the workplace.[4] See 18 Pa. Cons. Stat. § 5703.

To show that retaliatory animus played a determinative role in the challenged actions, Solomon was required to offer "'some' evidence from which a factfinder could reasonably conclude that the defendant's proffered reasons were fabricated (pretextual)." Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994). In the District Court, Solomon failed to identify any record evidence to suggest that the non-retaliatory reasons for these actions were false or pretextual. He admitted that he had no evidence that an employee

---

[4]Solomon argued in the District Court that PNL had no policy prohibiting the tape-recording of conversations between employees, such as an employee privacy policy. However, the conduct violated Pennsylvania's criminal code, and Solomon is presumed to have notice of the criminal laws.

tampered with the payroll system to delay payment of his overtime wages, and he admitted that he illegally recorded a conversation with a colleague without that colleague's consent. Solomon offers no evidence to contradict the undisputed record, and therefore, the District Court correctly granted summary judgment on these retaliation claims.

Finally, we agree with the District Court that Solomon's claim of discrimination cannot succeed because, even had he demonstrated a prima facie case of discrimination, PNL proffered legitimate, non-discriminatory reasons for the challenged actions, and Solomon has not demonstrated that these reasons were pretext, as discussed above. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). For the foregoing reasons, we will summarily affirm.